F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN CHARLES GAUTHIER,

     Plaintiff-Appellee,

v.

HASKELL HIGGINS, Warden

     Defendant-Appellant.

No. 05-5138

(D.C. No. 04-CV-857-JOE-PJC)
(N. D. Oklahoma)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Petitioner John Gauthier, an Oklahoma prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's dismissal, on

statute of limitations grounds, of his 28 U.S.C. § 2254 habeas petition. Because Gauthier

has failed to make "a substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

I.

On September 5, 2001, Gauthier pled guilty in the District Court of Tulsa County,

Oklahoma, in Case No. CF-01-4242, to one count of unauthorized use of a vehicle and

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

was given a two-year suspended sentence. In December 2002, Gauthier was charged in Tulsa County in two additional criminal cases, Case Nos. CF-02-6070 and CF-02-6474. On April 14, 2003, Gauthier pled guilty to the new criminal charges (two counts of possession of a controlled substance and one count of resisting arrest) and was sentenced to a total of eleven years' imprisonment. On that same date, Gauthier's suspended sentence in Case No. CF-01-4242 was revoked and ordered to run concurrently with the new criminal sentences. Gauthier did not move to withdraw any of his guilty pleas, nor did he pursue any direct appeals.

On March 4, 2004, Gauthier filed in state district court an application for post-conviction relief requesting an appeal out of time in all three criminal cases. On May 7, 2004, the state district court issued an order denying post-conviction relief in all three cases. Gauthier appealed to the Oklahoma Court of Criminal Appeals (OCCA). On June 23, 2004, the OCCA affirmed the denial of post-conviction relief. Gauthier then filed a petition for writ of certiorari in the United States Supreme Court. In that petition, Gauthier sought review of the OCCA's order affirming the denial of post-conviction relief. On October 18, 2004, the Supreme Court denied Gauthier's petition.

On November 9, 2004, Gauthier filed his federal habeas petition. Respondent moved to dismiss the petition on statute of limitations grounds. On August 4, 2005, the district court issued an order granting respondent's motion and dismissing Gauthier's petition as untimely filed. In doing so, the district court concluded that, because Gauthier

did not directly appeal from the revocation of his suspended sentence in Case No. CF-01-4242, or seek to withdraw his guilty pleas in Case Nos. CF-02-6070 and CF-02-6474, the one-year limitations period for filing a federal habeas proceeding began running on April 24, 2003, and continued until March 4, 2004, when Gauthier filed his application for post-conviction relief (leaving fifty-one days remaining). The district court further concluded that the clock began running again on June 23, 2004, when the OCCA affirmed the denial of Gauthier's application for post-conviction relief, and expired on August 13, 2004. Although the district court acknowledged that Gauthier had filed a petition for writ of certiorari with the United States Supreme Court, it concluded, citing Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), that the pendency of that petition did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). The district court also rejected Gauthier's request for equitable tolling (based largely on Gauthier's assertion that the law library facilities where he was housed were inadequate), noting that Gauthier (a) had waited more than ten months before seeking state post-conviction relief, and (b) during that ten-month period had filed a pro se civil rights action in federal court. The district court subsequently denied Gauthier's request for a COA. Gauthier has now renewed his request with this court.

## II.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

-3-

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Pursuant to 28 U.S.C. 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year limitation period runs "from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The running of the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

We agree with the district court's application of these provisions to Gauthier's case, as well as its conclusion that Gauthier's petition was untimely. Although Gauthier

suggests on appeal that the one-year limitations period did not began running until he was able to pay for the transcripts of his state court proceedings, we disagree. Not only did Gauthier fail to assert this argument below, we conclude there is no merit to it in any event. Contrary to Gauthier's assertions, his alleged inability to pay for the transcripts did not constitute an "impediment to filing" an application for federal habeas relief within the meaning of § 2244(d)(1)(B), nor would it have prevented him from discovering "the factual predicate of the claim or claims presented" in his federal habeas petition, as described in § 2244(d)(1)(D).

We also agree with the district court that Gauthier is not entitled to equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Although Gauthier argues on appeal, as he did below, that he was handicapped by allegedly inadequate law library facilities, this argument fails because he has not made a specific showing of restricted access to relevant materials, nor has he established that he otherwise diligently pursued his federal claims. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

The request for a COA is DENIED, the request to proceed in forma pauperis on appeal is DENIED, and the appeal is DISMISSED. Gauthier's "Motion for Leave to Supplement the Record–Motion and Brief as One Document" is GRANTED.

Entered for the Court

-5-

Mary Beck Briscoe
Circuit Judge