**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

QUINN AARON KLEIN,

      Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

      Respondent-Appellee.

No. 11-6111
(D.C. No. 5:10-CV-00603-F)
(W. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner Quinn Klein seeks a Certificate of Appealability (COA) pursuant to 28 U.S.C. § 2253 in order to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Because Klein has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss this matter.

I

On February 26, 1997, Klein pled guilty to second degree burglary in the District Court of Lincoln County, Oklahoma. Dist. Ct. Dkt. #9, Ex. 1 at 2-3. Pursuant to the plea agreement, Klein was sentenced to seven years' imprisonment, with the entire prison term

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

suspended. Id., Ex. 1 at 3. On October 24, 2000, the state of Oklahoma moved to revoke Klein's suspended sentence after he violated the terms of his probation. Id., Ex. 1 at 6. On May 9, 2002, Klein appeared in court, waived his right to a revocation hearing within twenty days, and was released on his own recognizance. Dist. Ct. Dkt. #19, at 3. After Klein failed to appear for his revocation hearing on April 16, 2003, the state court issued a warrant for his arrest. Dist. Ct. Dkt. #9, Ex. 1 at 7. Klein was eventually arrested on May 30, 2006, and the court held the revocation hearing the next day. Id. There, Klein stipulated to the allegations set forth in the state's motion to revoke, and the court revoked his suspended sentence in its entirety. Id., Ex. 1 at 7-8.

Klein did not directly appeal the court's revocation order. He did, however, file a number of post-conviction motions in Oklahoma state court. Of those motions, Klein alleges that his October 16, 2009 motion specifically sought state habeas relief.[1] See Dist. Ct. Dkt. #19, at 3. On June 7, 2010, Klein filed a § 2254 habeas petition in federal court challenging the revocation of his suspended sentence. In the petition, he claimed that (1) the state court failed to advise him of his right to appeal the revocation order; (2) his sentence had expired at the time it was revoked; (3) he was denied the right to a transcript of the revocation hearing at public expense; and (4) defense counsel was ineffective for failing to set a date for his revocation hearing and for failing to advise him of his right to appeal the revocation order. The district court re-characterized the motion as a § 2241

---

[1] In Klein's other post-conviction motions, he asked the state court to lift a detainer against him, credit him with time served, and provide him with the transcript from his May 2006 revocation hearing. See Dist. Ct. Dkt. #15, at 2-5.

habeas petition because Klein appeared to be attacking the execution of his sentence, rather than the validity of his sentence.[2] See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Shortly thereafter, the state moved to dismiss Klein's habeas petition, alleging that it was barred by the statute of limitations. On February 8, 2011, a federal magistrate judge recommended that the district court grant the motion to dismiss. On April 18, the district court adopted the magistrate judge's recommendation and dismissed Klein's habeas petition. Klein then timely filed with this court a notice of appeal, an application for a COA, and a request to proceed *in forma pauperis*.

## II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for federal habeas claims arising out of state convictions.

---

[2] We do not decide whether the district court was correct in re-characterizing Klein's § 2254 habeas petition because § 2254 and § 2241 petitions are both subject to the statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). See Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). This limitations period, which

applies to petitions for habeas relief under both 28 U.S.C. § 2241 and 28 U.S.C. § 2254,

Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006); Burger v. Scott, 317 F.3d 1133,

1138 (10th Cir. 2003), runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Klein argues that his habeas petition is timely because under subsections (B) and

(D)[3], the limitations period did not begin running until the court provided him with a

transcript of the revocation hearing.[4] Klein claims that upon reviewing the transcript he

became aware for the first time that (1) the state court did not inform him of his right to

appeal its revocation order; (2) his second-degree burglary sentence had expired before

---

[3] Subsection (C) does not apply here because the Supreme Court has not recognized a new constitutional right that affects this case.

[4] Although Klein does not specifically indicate the date he received the transcript, we infer that he claims to have received it within one year of the date he filed his habeas petition—otherwise the petition would be barred under subsections (B) and (D).

the court revoked the sentence; and (3) his attorney provided ineffective assistance by failing to inform him of his right to file an appeal and by failing to set a date for the revocation hearing following his initial arraignment in May 2002.

Klein first argues that his habeas petition is timely under § 2244(d)(1)(D), which states that the limitations period does not start running until the petitioner discovers "the factual predicate of the [habeas] claim." As noted, Klein claims he did not learn of the facts giving rise to his claim until he reviewed the transcript from the revocation hearing. This argument fails because Klein was present at the May 2006 hearing. There, he was put on notice that neither the court nor his attorney advised him of his right to appeal. Further, it is beyond dispute that by the date of the revocation hearing, Klein knew that his attorney had not scheduled a revocation hearing when Klein was first arraigned in May 2002 and that his seven-year suspended sentence (assuming it had not tolled) had terminated in February 2004. And while it is possible that Klein did not understand the legal significance of all these facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000); see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Because Klein knew of the predicate facts no later than May 31, 2006, the date of his revocation hearing, the limitations period began running before he received the requested transcript.

Klein also claims that under § 2244(d)(1)(B) the statute of limitations did not start running until the date he received the transcript. Subsection (B) states that the limitations period does not commence until the "impediment to filing an application created by State action in violation of the Constitution" is lifted. 28 U.S.C. § 2244(d)(1)(B). According to Klein, the state of Oklahoma violated his due process rights by refusing to provide the transcript of the revocation hearing free of charge. This argument is unpersuasive because we have held that the "inability to pay for . . . transcripts [does] not constitute an impediment" to filing a habeas petition under § 2244(d)(1)(B). Gauthier v. Higgins, 175 F. App'x 174, 176 (10th Cir. 2006). Accordingly, Klein's application of subsection (B) to this case is misplaced.

We conclude that the applicable limitations provision in this case is subsection (A), in which the statute begins running on the date the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Under this criterion, Klein's habeas petition is clearly time barred. The state court revoked Klein's suspended sentence on May 31, 2006. Under the Oklahoma Rules, Klein had ten days from that date to appeal the revocation order. Burnham v. State, 43 P.3d 387, 390 (Okla. Crim. App. 2002). Since Klein did not appeal the revocation order, the order became final on June 12, 2006, meaning that Klein had until June 12, 2007 to file a habeas petition.[5] Because Klein did not file a state or federal habeas petition until well after that date, reasonable jurists would agree that the

_____

[5] By counting only calendar days, the revocation order became final on June 10, 2006. Because that day was a Saturday, however, June 12 (the next business day) is the date the revocation order became final. See Okla. Stat. tit. 25, § 82.1(A) and (C).

district court properly dismissed his petition as untimely.[6]

IV

Klein's motion to proceed *in forma pauperis* is DENIED, his request for a COA is DENIED, and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[6] As a state prisoner, Klein was required to exhaust his state habeas claims prior to seeking habeas relief in federal court. Selsor v. Workman, 644 F.3d 984, 1026 (10th Cir. 2011). Klein alleges he filed a state habeas petition on October 16, 2009 and that it was denied on November 17, 2009. But even if Klein satisfied the exhaustion requirement, the statute of limitations still bars his federal habeas claim because he filed the October 2009 petition outside of the limitations period. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").