# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3586

_____

Brian Ward,

*Plaintiff - Appellant,*

v.

Ray Hobbs, Director, Arkansas Department of Correction,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 27, 2013
Filed: December 26, 2013

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Brian Ward entered pleas of *nolo contendere* to rape and second-degree sexual abuse in Arkansas state court. He later petitioned for a writ of habeas corpus in the district court, pursuant to 28 U.S.C. § 2254. The district court dismissed the petition with prejudice on two alternative grounds: that Ward had procedurally defaulted his claims in state court and that the claims lacked merit. The court then granted a

certificate of appealability on the question of procedural default. Because Ward makes no substantial showing of the denial of a constitutional right on the merits, we conclude that the certificate was improvidently granted on the preliminary question of procedural default alone. We therefore dismiss the appeal.

Ward was charged in Arkansas state court with one count of rape and one count of second-degree sexual assault, each involving a different victim. He pleaded *nolo contendere* to both counts and was sentenced to a term of imprisonment. By pleading *nolo contendere*, Ward forfeited his right to appeal the conviction, *see* Ark. R. App. P.–Crim. 1(a), and he did not file for post-conviction relief under Arkansas Rule of Criminal Procedure 37. After the time for filing under Rule 37 had expired, Ward did file a state habeas corpus petition in which he attempted to raise a claim of ineffective assistance of trial counsel. *Cf. Cothrine v. State*, 907 S.W.2d 134, 135 (Ark. 1995) (explaining that a state writ of habeas corpus cannot be substituted for post-conviction relief under Rule 37). An Arkansas circuit court denied the state habeas petition as being without merit, and there is no record of an appeal.

Ward's subsequent federal habeas petition alleged ineffective assistance of trial counsel, citing two deficiencies in counsel's performance: failure to advise him correctly regarding eligibility for parole and failure adequately to investigate his case such that Ward had no choice but to plead guilty. The district court rejected both claims and dismissed the petition. First, the court ruled that Ward had procedurally defaulted his ineffective-assistance claims by failing to raise them in a petition under Arkansas Rule of Criminal Procedure 37. Alternatively, the court rejected the claims on the merits. The court saw no substance to the claim regarding parole eligibility, because Ward acknowledged during the plea colloquy that he would be ineligible for parole, so there could be no prejudice from any failure of counsel to advise him of the same. The court rejected Ward's claim regarding his counsel's failure to investigate, concluding that the alleged deficiencies were inconsequential. Despite having rejected the claims on the merits, however, the court expressed uncertainty whether

the rationale of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), would allow Ward to secure equitable relief from his procedural default, and granted Ward a certificate of appealability on that question.

Before granting a certificate of appealability on a procedural issue, a district court should determine "both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The district court did not cite a debatable question on the merits, and Ward's brief on appeal addresses only the issue of procedural default.

We conclude that the certificate of appealability was improvidently granted because even assuming that Ward's federal claims are not procedurally barred, he has not made a substantial showing of the denial of a constitutional right. To prevail on his claim of ineffective assistance of counsel, Ward must demonstrate a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We see nothing in the record to support a debatable conclusion that but for counsel's alleged errors, Ward would have proceeded to trial. Ward says that counsel should have arranged testing to determine whether Ward was infected with a sexually transmitted disease, apparently because one victim reported some time after the offense involving her that she was so infected. As the district court observed, however, the proposed investigation would have had little bearing on whether Ward committed the charged offense. The victim reported seeking treatment for a sexually transmitted disease in 2007, but the charged offense occurred no later than 2000, so there is little or no basis to infer a connection between the victim's disease and Ward's health status in 2000. Even assuming there were circumstantial evidence that

-3-

the victim was infected by her abuser in 2000, moreover, Ward's health status at the time of the plea in 2010 likely could not establish his health status at the time of the offense in 2000.

Ward also contends that counsel should have inquired into an inconsistency between a detective's investigative notes and the charging documents regarding the dates of the alleged sexual misconduct. But any inconsistency was eliminated when the State orally amended the information at Ward's plea hearing to adjust the charged time period, and the discrepancy likely would have been cured before a trial as well if Ward had elected to proceed. Ward also complains that counsel failed to pursue the fact that he was incarcerated during part of the time frame alleged in the original charging documents, but again, the information was amended orally at the plea hearing to narrow the time frame and thus to eliminate Ward's asserted alibi. As for advice about parole eligibility, the state court apprised Ward of his ineligibility for parole at the time he pleaded guilty, but Ward elected to proceed anyway, so there is no substantial showing of prejudice.

For the foregoing reasons, we conclude that Ward has not made a substantial showing of the denial of a constitutional right. Accordingly, the certificate of appealability was improvidently granted and is hereby revoked. The appeal is dismissed.

_____