#27085-denied-SLZ

**2014 S.D. 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

FRANK ASHLEY,                                        Petitioner,

    v.

DARIN YOUNG, Warden
of the South Dakota State Penitentiary            Respondent.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT A. MANDEL
Judge

* * * *

JOHN R. MURPHY
Murphy Law Office, PC
Rapid City, South Dakota                          Attorneys for petitioner.

MARTY J. JACKLEY
Attorney General
Pierre, South Dakota

Mark A. Vargo
Pennington County State's Attorney

Patrick M. Grode
Pennington County Deputy State's Attorney
Rapid City, South Dakota                          Attorneys for respondent.

* * * *

CONSIDERED ON BRIEFS
AUGUST 14, 2014

OPINION FILED   9/17/2014

#27085

ZINTER, Justice

[¶1.]	Frank Ashley moved this Court for a certificate of probable cause (CPC) to appeal the circuit court's denial of his petition for habeas corpus. In denying the motion, we clarify the standard of review and showing necessary for applicants to obtain CPCs from this Court.

## Facts and Procedural History

[¶2.]	In 2009, Frank Ashley was found guilty of three counts of third-degree rape of a victim less than sixteen years of age; one count of fourth-degree rape of a victim between thirteen and sixteen years of age; four counts of sexual contact with a child under sixteen years of age; and one count of aggravated incest. He was sentenced to fifteen years imprisonment on each conviction, to be served consecutively, for a total of 135 years. This Court summarily affirmed the conviction on direct appeal (#25346).

[¶3.]	Ashley submitted his first application for writ of habeas corpus in 2011. The circuit court dismissed the application and denied the issuance of a CPC. Pursuant to SDCL 21-27-18.1, Ashley moved this Court for a CPC to permit an appeal of the denial of his application. In 2012, this Court reversed the habeas court's dismissal and remanded the matter for an evidentiary hearing on Ashley's claims.[1]

---

1.	This Court's order was based on the then-recent holding in *Steiner v. Weber*, 2011 S.D. 40, 815 N.W.2d 549. *Steiner* reinforced the requirement that where assertions in a habeas application meet the "minimum threshold of plausibility," and where those assertions require an evidentiary hearing before they can support a claim for relief, the habeas court must hold an

(continued . . .)

-1-

[¶4.]        After a continuance requested by Ashley, the habeas court held an evidentiary hearing in November 2013. The court received evidence, including testimony from Ashley, Ashley's trial counsel Ellery Grey, and the State's expert witness, attorney Robert Van Norman. The court entered findings of fact, conclusions of law, and an order denying Ashley's application. The court also denied Ashley's motion for a CPC.

[¶5.]        Ashley now seeks to appeal the habeas court's final order denying relief. A final order entered in habeas corpus proceedings "may not be reviewed by the Supreme Court . . . on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists." SDCL 21-27-18.1. Because the habeas court denied Ashley's motion for a CPC, he has filed a motion for a CPC with this Court.

## Decision

[¶6.]        At its core, the CPC procedure is designed for this Court to conduct "discretionary appellate review of habeas petitions." *See Lange v. Weber*, 1999 S.D. 138, ¶ 10, 602 N.W.2d 273, 275-76 (citing *Lynch v. Blodgett*, 999 F.2d 401, 403 (9th Cir. 1993)). Discretionary appellate review is "[t]he primary means of separating meritorious from frivolous appeals," *see id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 892-93, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983)) (internal quotation marks omitted), an essential procedure given the "increasing burden of frivolous appeals in post-conviction proceedings," *see id.* ¶ 12, 602 N.W.2d at 276.

---

(. . . continued)
    evidentiary hearing before it can dismiss an application. *See id.* ¶ 11, 815 N.W.2d at 553.

[¶7.]	Before *Lange*, there was limited authority—a single statute, SDCL 21-27-18.1, and little state case law[2]—on which to rely in reviewing CPC motions. Recognizing that the purpose of our CPC procedure was similar to the federal courts' certificate of appealability, the *Lange* Court adopted the federal certificate of appealability standards relating to the content of a CPC granted by a circuit court. *See* 1999 S.D. 138, ¶¶ 11-12, 602 N.W.2d at 276.[3] This Court limited its adoption of the federal standards to the requirements of the CPC itself. Doing so addressed the limited controversy before us in *Lange*: it resolved a habeas court's dismissal of a habeas application as meritless and its contradictory issuance of a certificate indicating that there was probable cause to appeal. *See id.* ¶ 13, 602 N.W.2d at 276. Although *Lange* provided instruction on how habeas courts were to issue CPCs, this

---

2.	Only two cases prior to *Lange* construed our CPC procedure. *See Wayrynen v. Class*, 1998 S.D. 111, ¶¶ 14-16, 586 N.W.2d 499, 501 (holding that a failure to file a CPC motion before the deadline because of court clerk clerical error did not make it untimely); *Singletary v. State*, 88 S.D. 655, 658, 227 N.W.2d 424, 425 (1975) (noting, as *Lange* concluded later, that it was inconsistent for a habeas court to both summarily dismiss an application for habeas relief and issue a CPC).

3.	*Lange* requires:

> [I]f the trial court denies an application in a habeas claim, it must either issue a certificate of probable cause or state why a certificate should not issue. A specific showing of probable cause must be articulated on the certificate in order to confer jurisdiction upon this Court to review the denial of a habeas corpus petition. The certificate must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). In addition, the certificate must indicate which specific issue or issues satisfy the showing of the denial of a constitutional right.

*Id.* ¶ 12, 602 N.W.2d at 276.

Court has yet to provide similar guidance on the standard of review and the showing an applicant must make to obtain a CPC.

[¶8.] SDCL 21-27-18.1 provides that a CPC certifies there is "probable cause that an appealable issue exists." *Lange* added the requirement that a habeas court's CPC must indicate "a substantial showing of the denial of a constitutional right." *Lange*, 1999 S.D. 138, ¶ 12, 602 N.W.2d at 276 (quoting 28 U.S.C. § 2253(c)(2)). By adopting the federal standard, *Lange* interpreted SDCL 21-27-18.1's "probable cause" language to require a substantial showing of the denial of a constitutional right. Although this showing concerned the certificate itself, it also necessarily describes an applicant's required showing to obtain a CPC. *See Lange*, 1999 S.D. 138, ¶ 9, 602 N.W.2d at 275 ("[A] certificate may only issue if the applicant 'has made a substantial showing of the denial of a constitutional right.'" (quoting 28 U.S.C. § 2253(c)(2))).

[¶9.] The "substantial showing" requirement is imposed because a motion for a CPC is not an appeal of the underlying habeas matter, or a proxy thereof. It is an intermediate procedure affording this Court "discretionary appellate review of habeas petitions." *See Lange*, 1999 S.D. 138, ¶ 10, 602 N.W.2d at 275-76. SDCL 21-27-18.1 and the federal certificate of appealability statute share this purpose of providing intermediate, discretionary review. Under the similar federal procedure, the appropriate standard of review does not permit a reviewing court to give "full consideration [to] the factual and legal bases adduced in support of the claims." *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) (referring to 28 U.S.C. § 2253). We agree with that proposition under SDCL

-4-

21-27-18.1. To consider the full merits of the factual and legal claims in a petitioner's CPC motion, this Court would need the complete record. Moreover, such a procedure would circumvent the intermediate, discretionary review jurisdiction the Legislature provided in SDCL 21-27-18.1. *Cf. Miller-El*, 537 U.S. at 336-37, 123 S. Ct. at 1039 (concluding, with regard to 28 U.S.C. § 2253, "[w]hen a court of appeals sidesteps the preliminary appealability process by first deciding the merits of an appeal and then justifying its denial of a [certificate] based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction").

[¶10.]     Given the similarities between SDCL 21-27-18.1 and 28 U.S.C. § 2253, and considering our decision in *Lange*, federal case law provides further guidance on the standard that applies in reviewing whether a substantial showing of the denial of a constitutional right has been made under SDCL 21-27-18.1. A "substantial showing" is "a showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot*, 463 U.S. at 893 n.4, 103 S. Ct. at 3394 n.4). The applicant bears the burden of proof, and ultimately "must demonstrate that reasonable jurists would find the [habeas] court's assessment of

the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338, 123 S. Ct. at 1040 (quoting *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).[4]

[¶11.] Ashley's showing does not address the habeas court's assessment. His application consists of a motion, in brief format. The brief contains a summary of Ashley's claims. Within his arguments, Ashley references selected evidentiary hearing testimony and authorities. But his motion/brief essentially repeats the arguments he made to the habeas court at the habeas hearing. Such a showing is insufficient to enable us to conduct discretionary review because Ashley fails to address the habeas court's post-hearing assessment. In other words, Ashley fails to address how the habeas court's findings of fact and conclusions of law were

---

4. In a more detailed description, the Supreme Court explained:

> A prisoner seeking a [certificate] must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. *Barefoot*, *supra*, at 893, 103 S. Ct. 3383. We do not require petitioner to prove, before the issuance of a [certificate], that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the [certificate] has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S. Ct. 1595.

> *Miller-El*, 537 U.S. at 338, 123 S. Ct. at 1040 (fourth alteration in original). In *Barefoot*, the Supreme Court described the "more than the absence of frivolity" and the "more than good faith" thresholds as being "a higher one than the 'good faith' requirement of [28 U.S.C. §] 1915." 463 U.S. at 893, 103 S. Ct. at 3394 (citing Blackmun, *Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases*, 43 F.R.D. 343, 352 (8th Cir. 1967)).

debatable or wrong. Because Ashley failed to address the habeas court's findings of fact and conclusions of law, he failed to "demonstrate that reasonable jurists would find the *[habeas] court's assessment* of the constitutional claims debatable or wrong." *See id*, 537 U.S. at 338, 123 S. Ct. at 1040 (emphasis added) (quoting *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Instead, Ashley effectively asks this Court, on a limited record, to undertake a similar review that the habeas court undertook. But the habeas court's review was informed by the observation of live testimony and a review of the entire record. Future applicants appealing the denial of habeas relief on the evidence[5] must cite the habeas court's findings of fact, conclusions of law, and analysis; and then, present an argument demonstrating why they lacked such merit that the habeas court's assessment of the constitutional claims was debatable or wrong. Future showings that do not address the habeas court's findings of fact and conclusions of law will no longer be deemed adequate to warrant this Court's discretionary review of an application for a CPC.

[¶12.] Nevertheless, because this is the first time we have articulated these requirements, we exercise our discretion to review Ashley's showing. Discretionary review begins with "an overview of the claims in the habeas petition and a general assessment of their merits." *See Miller-El*, 537 U.S. at 336, 123 S. Ct. at 1039. This is a case where, regardless of Ashley's lack of argument regarding the habeas court's assessment, the facts and law are clear. An overview of Ashley's claims and

---

5. Our consideration of a CPC following a summary dismissal of the habeas application on its claims is governed by the standard reiterated in *Steiner*. *See* 2011 S.D. 40, ¶ 5, 815 N.W.2d at 551 (quoting *Jenner v. Dooley*, 1999 S.D. 20, ¶ 13, 590 N.W.2d 463, 469).

our assessment of their merits reveals that the habeas court's assessment was not debatable or wrong.[6] Because Ashley failed to make a substantial showing of the denial of a constitutional right, he failed to establish probable cause that an appealable issue exists for appellate review. Ashley's motion for issuance of a CPC is denied.

[¶13.]    GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.

---

6.    Ashley argues there is probable cause that appealable issues exist on his claims of: (1) ineffective assistance of trial counsel, (2) improper admission of other acts evidence, (3) failure to comply with requests for a bill of particulars, (4) trial court bias, (5) cruel and unusual punishment, and (6) increasing his sentence because he chose not to participate in a psychosexual evaluation. But the habeas court's unrefuted, fact-based rationale is supported by the record and the court's law-based rationale rests on well-settled interpretations of law. *See Graham v. State*, 328 N.W.2d 254, 256 (S.D. 1982) (quoting *State v. Hartley*, 326 N.W.2d 226, 228 (S.D. 1982)) (alteration in original) ("It is not our function to make findings or conclusions . . . ; rather, it is our province to determine if the findings are supported by evidence and if the conclusions are warranted by findings.").