#28875-denied-DG
**2019 S.D. 51**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *


DAVID JOHN ASMUSSEN,                                    Petitioner,

     v.

DARIN YOUNG, Warden,
South Dakota State Penitentiary,                       Respondent.


* * * *


ON MOTION FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KENT SHELTON
Judge

* * * *

JEFF LARSON
Jeff Larson Law, LLP
Sioux Falls, South Dakota                              Attorneys for petitioner.

JASON RAVNSBORG
Attorney General


PATRICK J. MCCANN
Codington County State's Attorney
Watertown, South Dakota                                Attorneys for respondent.

* * * *


CONSIDERED ON MOTION
ON JUNE 27, 2019
OPINION FILED **08/21/19**

#28875

GILBERTSON, Chief Justice

[¶1.]     David Asmussen has filed a motion for a certificate of probable cause to appeal the denial of habeas corpus relief from his kidnapping convictions. Because his habeas claims are clearly procedurally defaulted, we deny the motion.

**Facts and Procedural History**

[¶2.]     At the conclusion of a jury trial in Codington County in late 2006, Asmussen was convicted of two counts of first-degree kidnapping in connection with the 2001 disappearance of his girlfriend in Watertown. Asmussen waived counsel and exercised his right of self-representation during trial following an advisement by the trial court as to the dangers and disadvantages of self-representation. *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *State v. Van Sickle,* 411 N.W.2d 665, 666-67 (S.D. 1987). Asmussen also underwent a pre-trial psychiatric examination to establish his ability to understand the dangers and disadvantages of self-representation and a pre-trial competency hearing during which a psychiatric report indicating that he was competent was accepted into evidence.[1]

[¶3.]     At several points during trial, Asmussen attempted to raise a nonsensical defense under the Uniform Commercial Code.[2] His attempts were

---

1.    Counsel was appointed to represent Asmussen during the competency proceedings but was discharged by Asmussen at the conclusion of those proceedings following the trial court's finding that his waiver of counsel was knowing and intelligent.

2.    The Uniform Commercial Code is "[a] uniform statute that governs commercial transactions, including sales of goods, secured transactions, and

(continued . . .)

rejected by the trial court. Following his conviction, Asmussen was sentenced in December 2006 to concurrent life terms for the two kidnapping counts. The judgment was filed on January 10, 2007.

[¶4.] Asmussen did not directly appeal his convictions. In January 2015, he filed a pro se petition for a writ of habeas corpus along with motions for the appointment of counsel and a waiver of fees. Two attorneys were appointed successively to represent him, both of whom eventually withdrew for conflicts of interest. Asmussen's current counsel filed an amended application for a writ in September 2017. The amended application alleged violations of Asmussen's rights to counsel and of due process, as well as a claim that his sentence was cruel and unusual. The State moved to dismiss because Asmussen failed to file his application within the two-year statute of limitations for habeas corpus actions in SDCL 21-27-3.3.[3] The motion was granted at the end of 2018.[4] Asmussen's motion

---

(. . . continued)
    negotiable instruments." *Uniform Commercial Code*, Black's Law Dictionary (11th ed. 2019).

3.  SDCL 21-27-3.3 provides in relevant part:

    A two-year statute of limitation applies to all applications for relief under this chapter. This limitation period shall run from the latest of:

    (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]

    * * *

    (4) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4.  By that time, Circuit Judge Shelton had replaced retired Circuit Judge Erickson on the habeas matter.

#28875

for a certificate of probable cause for appeal from the habeas court was denied, and Asmussen moved for a certificate from this Court.

## Analysis and Decision

[¶5.]        Issuance of a certificate of probable cause generally requires "a substantial showing of the denial of a constitutional right." *Ashley v. Young*, 2014 S.D. 66, ¶ 8, 854 N.W.2d 347, 350 (quoting *Lange v. Weber*, 1999 S.D. 138, ¶ 9, 602 N.W.2d 273, 275). However, the standard is modified when a habeas claim is denied on procedural grounds. As explained in *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002):[5]

> [W]hen a [habeas] claim is denied on procedural grounds, our reading of [*Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000)] is that: 1) *if the claim is clearly procedurally defaulted, the certificate should not be issued*; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. [*Id*.]

(Emphasis added.)[6]

---

5.    We have previously found federal court applications of the certificate of appealability requirement in federal habeas corpus actions helpful in interpreting the certificate of probable cause requirement in state habeas corpus actions. *See, e.g.*, *Ashley*, 2014 S.D. 66, ¶ 7, 854 N.W.2d at 349-50; *Lange*, 1999 S.D. 138, ¶ 9, 602 N.W.2d at 275.

6.    *Accord Dansby v. Hobbs*, 766 F.3d 809, 840 n.4 (8th Cir. 2014) ("When a claim is dismissed based on procedural default, a certificate [of appealability] should be granted only where there is a debatable constitutional claim and a debatable procedural ruling."); *Ward v. Hobbs*, 738 F.3d 915, 916 (8th Cir. 2013) ("Before granting a certificate of appealability on a procedural issue, a district court should determine 'both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

(continued . . .)

-3-

[¶6.]     Asmussen's habeas claims are "clearly procedurally defaulted[.]" *See Khaimov*, 297 F.3d at 786. This is a case like *Hughbanks v. Dooley*, 2016 S.D. 76, 887 N.W.2d 319, where because Asmussen's criminal judgment was final over two years before the effective date of SDCL 21-27-3.3 (the statute of limitations enacted in 2012), his ability to commence his habeas action was immediately cut off by the statute.[7] To avoid a potential due process violation with such a result,[8] this Court held in *Hughbanks* that for individuals like Asmussen, the two-year statute of limitations should not begin to run until July 1, 2012 (the effective date of the statute). *Id.* ¶ 22, 887 N.W.2d at 326. While this gave Asmussen until July 1, 2014, to commence his action, he did not commence it until January 2015, approximately six months late. This was a clear procedural default.

[¶7.]     Asmussen argues that the statute of limitations did not begin to run until he was appointed counsel who could recognize the "factual predicate[s]" for his habeas claims. *See* SDCL 21-27-3.3(4) (delaying commencement of the habeas corpus statute of limitations until the date of discovery of the factual predicate of the claim or claims). Asmussen contends that he was unable, with due diligence, to

---

(. . . continued)
constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" (quoting *Khaimov*, 297 F.3d at 785)).

7.     In fact, both Asmussen's and Hughbanks's convictions became final in 2007. *Hughbanks*, 2016 S.D. 76, ¶ 2, 887 N.W.2d at 320.

8.     *Id.* ¶ 9, 887 N.W.2d at 322 (noting that "[w]hen . . . a limitations period is . . . shortened or created . . . federal due process requires that potential litigants be afforded a reasonable time for the commencement of an action before the bar takes effect" (quoting 54 C.J.S. *Limitations of Actions* § 16 (2016))).

recognize what needed to be done to preserve his issue for appeal until he received this later assistance from legal counsel. Since counsel was not appointed for him until after he commenced his habeas action in 2015, Asmussen argues that this action was timely.

[¶8.] This Court has not yet interpreted the phrase "factual predicate" in SDCL 21-27-3.3(4), but in *Hughbanks*, we noted that "SDCL 21-27-3.3 is patterned after the statute of limitations for federal habeas corpus actions." 2016 S.D. 76, ¶ 10, 887 N.W.2d at 322. We further recognized that SDCL 21-27-3.3 was enacted almost sixteen years after the federal act and contains language nearly verbatim to the federal act. *Id.* ¶ 19, 887 N.W.2d at 325. Therefore, we applied our rules of statutory interpretation and construed SDCL 21-27-3.3 consistent with federal authorities. *Id.*

[¶9.] We again look to federal authorities for support here. In *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), the petitioner made an argument very similar to one made by Asmussen here, namely that the federal habeas statute of limitations does not begin to run until a prisoner "*actually understands* what legal theories are available." In rejecting this argument, the federal court held that if the statute of limitations employed a subjective rather than an objective standard, "there would be no effective time limit" for commencing a habeas action. *Id.* The First Circuit Court of Appeals similarly concluded that discovery of the "factual predicate" refers only to discovery of "evidentiary facts or events, and not court

rulings or legal consequences of the facts." *Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) (quoting *Brackett v. United States*, 270 F.3d 60, 69 (1st Cir. 2001)).[9]

[¶10.]     Based on our review of the federal authorities, we likewise employ an objective standard when applying our state statute. The timeframe from which SDCL 21-27-3.3(4) begins to run is when the *facts* (rather than the legal basis) giving rise to potential claims are either known or could have been discovered with due diligence.

[¶11.]     Asmussen's habeas claims were predicated on the adequacy and timing of trial court advisements as to the dangers and disadvantages of self-representation, on the trial court's failure to appoint standby counsel to advise him during trial, and on his sentence. Therefore, Asmussen knew the evidentiary facts or events supporting his claims at the time his judgment was entered in 2007. The fact that he may not have understood the legal consequences of those facts or how to preserve legal claims based thereon does not delay commencement of the statute of limitations in SDCL 21-27-3.3(4). Therefore, his habeas claims remain "clearly procedurally defaulted" under the statute. *See Khaimov*, 297 F.3d at 786.

[¶12.]     Motion for certificate denied.

[¶13.]     KERN, JENSEN, SALTER, and DEVANEY, Justices, concur.

---

9.     *See also Martin v. Fayram*, 849 F.3d 691, 696 (8th Cir. 2017) ("Knowledge of the 'vital facts' of a claim may be distinct from knowledge of their 'legal significance.'" (quoting *Owens*, 235 F.3d at 359)); *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished) (holding that the habeas "limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts").