In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1521

Shawn Owens,

Petitioner-Appellant,

v.

William E. Boyd, Warden,
Western Illinois Correctional Center,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 5366--Charles P. Kocoras, Judge.

Argued November 15, 2000--Decided December 19, 2000

Before Posner, Easterbrook, and Kanne, Circuit Judges.

Easterbrook, Circuit Judge. A state prisoner who wants collateral relief from federal court must file the federal petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. sec.2244(d)(1). For Shawn Owens, who has been convicted of murder and sentenced to 50

years in prison, the conclusion of direct review occurred on June 30, 1997, when the state's appellate court affirmed his conviction and sentence. See Gutierrez v. Schomig, No. 00-1384 (7th Cir. Nov. 30, 2000) (time begins with final decision, not on the later expiration of the time to seek additional review). Nothing more happened until March 18, 1999, when Owens sought postconviction review in state court. A state judge denied this petition without explanation. One possible reason: the petition was untimely under state law. See 725 ILCS 5/122-1(c). Owens did not appeal. Because the state petition was untimely, 28 U.S.C. sec.2244(d)(2) did not exclude even the short time it was pending. See Artuz v. Bennett, 121 S. Ct. 361, 364 & n.2 (U.S. Nov. 7, 2000); Freeman v. Page, 208 F.3d 572 (7th Cir. 2000). Five months later, in August 1999, Owens commenced this proceeding under 28 U.S.C. sec.2254. Again he lost. The district court held that the petition had been filed too late. 2000 U.S. Dist. Lexis 606 (N.D. Ill. Jan. 19, 2000).

After denying the petition, the district court issued a certificate of appealability identifying the application of sec.2244(d)(1) as the issue for appeal. This was a mistake. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy [that] showing". 28 U.S.C. sec.2253(c)(2), (3). Whether a given petition is timely is a question under sec.2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability. United States v. Marcello, 212 F.3d 1005 (7th Cir. 2000). See also Williams v. United States, 150 F.3d 639 (7th Cir. 1998); Young v. United States, 124 F.3d 794, 798-99 (7th Cir. 1997).

If the prisoner's underlying constitutional objection to his conviction is itself substantial, then the district court may issue a certificate on that issue (even though the petition was denied without reaching it) and append the statutory ground as an antecedent issue to be resolved on appeal if it, too, is substantial. See Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). That way prisoners with strong constitutional claims won't be stymied by debatable decisions on statutory obstacles. As is often the case, however, the parties ignored this certificate's shortcoming and proceeded to brief only the statutory question. Owens has not attempted to demonstrate that his constitutional claim (ineffective assistance of counsel in the state proceedings) would support a certificate of appealability, nor did the district court's

opinion hint that it viewed this theory of relief as substantial, so we are not inclined to add a constitutional subject to the certificate in order to rescue matters. Still, Young holds and Marcello reiterates that a defect in a certificate of appealability is not a jurisdictional flaw. See also Romandine v. United States, 206 F.3d 731, 734 (7th Cir. 2000). Contra, United States v. Cepero, 224 F.3d 256 (3d Cir. 2000) (proper certificate of appealability is essential to appellate jurisdiction). Because the state has ignored the limitations that sec.2253(c)(2) places on a court's power to issue a certificate of appealability, it has forfeited the benefits of that statute. We proceed to resolve the issue certified by the district court.

Jerome Allen was shot in the head in January 1993. Owens supplied the gun (an AK-47) that fired the bullets, and he may have pulled the trigger. At trial Owens testified (consistent with his pretrial statements to the police) that he produced the gun at the demand of his gang's leader, believing that Allen would be robbed but not killed. Given theories of accountability (such as aiding and abetting, or the felony-murder doctrine), that belief was no defense. So Owens's lawyer added (and Owens himself testified) that he feared violence at the hands of fellow gang members if he did not assist his leader's plan. The trial court denied counsel's request for a jury instruction on this theory of defense, and the state's appellate court affirmed in an unpublished opinion, ruling that coercion is not a defense to a charge of murder. See People v. Glecker, 82 Ill. 2d 145, 411 N.E.2d 849 (1980). The appellate court held that, although People v. Serrano, 286 Ill. App. 3d 485, 676 N.E.2d 1011 (1st Dist. 1997), on which Owens had relied, permits a coercion defense to a charge of armed robbery, it does not allow that defense to a charge of murder. Deeming the legal position hopeless, the public defender's office informed Owens that it would not seek discretionary review in the Supreme Court of Illinois, though the office explained that Owens could seek review pro se (a step Owens did not take).

Owens's current position is one of cascading ineffective assistance of counsel: he contends that trial counsel was ineffective for making a doomed coercion defense; that appellate counsel was ineffective for not arguing that trial counsel had been ineffective (attempting, instead, to vindicate trial counsel's strategy by relying on Serrano); and that the public defender was ineffective for failing to seek discretionary review by the state's highest court on the ground that both trial and appellate counsel had been

ineffective. The first variation is weak: Owens does not tell us what better defense was available, given his own statements admitting complicity. The second can be no stronger than the first and seems weaker, for reliance on Serrano appears to be an effort to make the best of a bad situation. The third variation is frivolous, for there is no constitutional right to any assistance of counsel in seeking discretionary, third-tier review, Ross v. Moffitt, 417 U.S. 600 (1974), and shortcomings of counsel at that stage therefore cannot violate the sixth amendment. Wainwright v. Torna, 455 U.S. 586 (1982). But the third variation sets up Owens's contention that his federal petition is timely. He says that he did not realize in June 1997 that his appointed lawyer was leaving him to his own devices, and that he did not appreciate until March 1998 that no request for discretionary review had been filed. Then, Owens contends, he spent a further nine months investigating what he could do about his situation, finally concluding in December 1998 that he could seek collateral relief on the ground of ineffective assistance. According to Owens sometime in December 1998 was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", sec.2244(d)(1)(D), and thus only then that the year in which to seek federal review commenced.

Owens's approach disregards the language of the statute. He proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what sec.2244(d)(1) says. First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence", not when it was actually discovered by a given prisoner. Second, the trigger in sec.2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate", not recognition of the facts' legal significance. Most federal statutes of limitations are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. See United States v. Kubrick, 444 U.S. 111 (1979); Fujisawa Pharmaceutical Co. v. Kapoor, 115 F.3d 1332 (7th Cir. 1997); Goodhand v. United States, 40 F.3d 209 (7th Cir. 1994); Tregenza v. Great American Communications Co., 12 F.3d 717 (7th Cir. 1993). Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If sec.2244(d)(1) used

a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then sec.2244(d)(1) might as well not exist; few prisoners are lawyers.

Affirmance of Owens's conviction in June 1997 starts the time under sec.2244(d)(1)(A). Section 2244(d)(1)(D) gives defendants the benefit of a later start if vital facts could not have been known by the date the appellate process ended. Yet the principal fact setting the stage for the current ineffective-assistance claim--that Owens's trial counsel attempted to present a coercion defense--was known at trial. Likewise Owens knew that the attempt was unsuccessful, because the trial judge declined to instruct the jury that coercion was a defense. If Owens had a better defense, he knew that too (though he may not have understood the legal utility of facts that were not presented at trial). With respect to the claim of ineffective assistance on appeal, again the principal fact--that appellate counsel pitched his argument on Serrano rather than attacking the work of trial counsel--was readily available to Owens before the appellate decision. All he had to do was read the brief filed on his behalf. So for Owens the time specified by sec.2244(d)(1)(D) ends no later than that specified by sec.2244(d)(1)(A). Counsel's failure to seek discretionary review in the state's supreme court is legally irrelevant given Moffitt and Torna, but at all events the facts underlying this claim also could have been discovered by August 4, 1997 (the last date for a petition, see Ill. Sup. Ct. R. 315(b)); the lack of a petition was a matter of public record, which reasonable diligence could have unearthed. Owens almost certainly had actual knowledge; after all, the public defender's office sent him a letter revealing that it would not file a petition, and if he didn't understand the letter all Owens had to do was ask his appellate lawyer what it meant. Thus the very latest starting date was August 4, 1997, and the statutory year expired long before Owens filed his federal petition.

Recharacterizing Owens's argument as a request for "equitable tolling" adds nothing; sec.2244(d)(1)(D) is itself a kind of tolling rule, see Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999), and it would be inappropriate for the judiciary to add time on a theory that would amount to little more than disagreement with the way Congress wrote sec.2244(d). Tolling

may be available when some impediment of a variety not covered in sec.2244(d)(1) prevents the filing of a federal collateral attack, see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), but Owens does not identify any such impediment.

Owens believes that he can avoid sec.2244(d)(1) by recharacterizing his petition as a request for habeas corpus under 28 U.S.C. sec.2241 or coram nobis under the All-Writs Act, 28 U.S.C. sec.1651(a). Not so. Section 2244(d)(1) applies to every "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It does not distinguish between applications under sec.2241 and those under sec.2254. Anyway, as the Supreme Court observed in Felker v. Turpin, 518 U.S. 651, 662 (1996), and we reiterated in Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000), every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on sec.2254. It is not possible to escape its limitations by citing some other statute. The All-Writs Act has even less to offer Owens than does sec.2241, because writs in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction. United States v. Morgan, 346 U.S. 502 (1954); United States v. Bush, 888 F.2d 1145, 1147 (7th Cir. 1989). Persons still in custody must look to sec.2254 or sec.2255 for relief; they cannot use sec.1651(a) to escape statutory restrictions on those remedies. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985).

Affirmed