**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivan T. JOHNSON, Defendant–**
**Appellant.**

No. 01–2392.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 19, 2001.*

Decided Nov. 20, 2001.

Before Hon. BAUER, Hon. EASTERBROOK, and Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

Ivan Johnson pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 188 months' imprisonment. In the plea agreement Johnson waived the right to challenge his sentence on both direct appeal and collateral review. Johnson did not file a direct appeal; however, he did file what he styled as a "Writ of Error Coram Nobis at Common Law," asking the district court to vacate, correct, or set aside his sentence. The district court denied relief and Johnson now appeals. We vacate and remand with instructions to dismiss.

When the district court denied Johnson's petition, it reasoned that relief was barred because Johnson was still serving the prison sentence he sought to challenge. *See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2001) (writs of *coram nobis* "limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction"). Not only does Johnson's current incarceration bar relief, *id.* at 360, but more importantly his waiver of the right to collaterally attack his sentence precluded consideration of his petition regardless of his custody status. Paragraph 11 of the plea agreement states:

[Johnson] knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) ... [and] also waives his right to challenge his sen-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

tence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Despite the plain language of this waiver, Johnson seeks in his petition to overturn his prison sentence on the basis of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Such an attack, no matter what Johnson chooses to call it, is collateral and is barred by his waiver. *See United States v. Behrman*, 235 F.3d 1049, 1050–51 (7th Cir.2000) (voluntary waivers of appeal and collateral attack of sentence are valid and enforceable).

Accordingly, we VACATE the judgment of the district court and REMAND with instructions to dismiss Johnson's petition as barred by the plea agreement.