
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY DARRYL KITCHEN, JR., | No. 10-16293 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00701-MCE-DAD |
| v. | MEMORANDUM* |
| TOM FELKER, Acting Warden, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted June 17, 2011
San Francisco, California

Before:  BYBEE and MURGUIA, Circuit Judges, and SINGLETON, Senior District Judge.**

Appellant Terry Kitchen, Jr., ("Kitchen") appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition as untimely.  We review de novo whether

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

the statute of limitations for a habeas petition should be tolled. *Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008).

Kitchen acknowledges that he did not file his federal petition within the one year limitations period prescribed by 28 U.S.C. § 2244(d)(1) but contends that he is entitled to approximately 18 months of equitable tolling. Although Kitchen presents his claim as one of equitable tolling, he is substantively arguing that the statute of limitations should have begun on May 7, 2006, when he discovered the factual predicate for his federal claim. *See* 28 U.S.C. § 2244(d)(1)(D).

In October 2002, Kitchen pled guilty to one count of second degree murder with an enhancement and one count of forcible sexual penetration. After Kitchen's conviction and sentence were upheld on appeal, he was no longer represented by counsel. Shortly before Kitchen committed the underlying crimes, he was given a psychological evaluation by Dr. Laura Doty, who noted that Kitchen suffered from learning deficits and other psychological issues. On April 6, 2005, Kitchen's family retained counsel to represent Kitchen in his post-conviction proceedings. On March 27, 2006, counsel asked Dr. Doty to evaluate Kitchen's competence from 2001 to 2002, while the plea negotiations were proceeding. Kitchen asserts he was entitled to equitable tolling until May 7, 2006, when counsel received Dr.

2

Doty's report that Kitchen suffered from a significant mental impairment at the time he entered his plea—the factual predicate for his claim.

A habeas petitioner bears the burden of proving that he or she exercised due diligence in discovering the factual predicate for his or her claim in order for the statute of limitations to begin running from the date he or she discovered the factual predicate of the claim. *See Majoy v. Roe*, 296 F.3d 770, 777 n.3 (9th Cir. 2002). Kitchen's counsel knew of Dr. Doty's initial evaluation in 2005, and he knew enough to ask her to re-evaluate Kitchen on March 27, 2006. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). At this point, counsel should have promptly filed a protective petition in federal court along with a motion asking the federal court to stay and abey the federal habeas proceedings until state remedies were exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

The factual predicate for Kitchen's federal petition existed at the time of his plea negotiations and was discoverable through due diligence no later than March

27, 2006. Thus, Kitchen's federal habeas petition, dated April 12, 2007, was untimely.[1]

AFFIRMED.

---

[1] Since the factual predicate was known or should have been known after Kitchen retained current counsel, and more than one year before April 12, 2007, the state of Kitchen's mental health prior to retaining counsel as a predicate for equitable tolling is irrelevant. Since counsel knew or should have known of the factual predicate no later than March 27, 2006, any mental or emotional difficulties Kitchen may have had would also be irrelevant to toll the statute of limitations after this date as well.