NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2014
Decided June 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1023

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 99-CR-30065-MJR |
| IVAN T. JOHNSON, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Ivan Johnson began serving a 4-year term of supervision in 2013 after completing a prison term for possessing crack cocaine with intent to distribute. 21 U.S.C. § 841(a)(1); *United States v. Johnson*, 22 F. App'x 640, 640 (7th Cir. 2001). Later that same year he was arrested by Illinois police for aggravated domestic battery and drug possession. After Johnson admitted that the government could prove he had violated the conditions of his supervised release by committing those crimes, the district court revoked his supervision and reimprisoned him for 30 months. Johnson has filed a notice of appeal challenging the revocation, but his appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Johnson to comment on counsel's motion, see CIR. R. 51(b), but he did not

respond. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first informs us that Johnson wishes to withdraw his admissions, and so the lawyer appropriately addresses whether Johnson could challenge his admissions. See *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). But, as counsel explains, the judge conducted a lengthy colloquy with Johnson, told him the consequences of admitting that the government could prove his violations (including that he was waiving his right to present evidence and witnesses at a hearing), and ensured that no one had induced his admissions. We agree with counsel that, under these circumstances, it would be frivolous to challenge Johnson's admissions as not knowing and voluntary. See FED. R. CRIM. P. 32.1(b)(2); *United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir. 1999).

Counsel next examines the district court's finding that Johnson's most serious conduct was a "Grade A" violation and concludes that disputing this finding would be frivolous. Johnson was arrested for the felony of aggravated domestic battery, 720 ILCS 5/12-3.3(a-5), and he pleaded guilty to a reduced misdemeanor charge of domestic battery, 720 ILCS 5/12-3.2(a)(1). Johnson admitted that the government could prove by a preponderance of the evidence that he had committed the more serious crime, and the government introduced a video of the victim's interview with police, in which she described Johnson choking her and dragging her by her hair. As counsel notes, choking another person during a domestic battery is an aggravated domestic battery punishable by 3 to 7 years in prison. 720 ILCS 5/12-3.3(b). Because conduct constituting a crime of violence punishable by more than a year in prison is a Grade A violation, see U.S.S.G. § 7B1.1(a)(1); *De Leon Castellanos v. Holder*, 652 F.3d 762, 764 (7th Cir. 2011), the court correctly calculated a guidelines range of 33 to 41 months, see U.S.S.G. § 7B1.4(a).

Counsel also considers whether Johnson could challenge his below-guidelines term of 30 months' reimprisonment as plainly unreasonable. We agree with counsel that any such challenge would be frivolous. After considering Johnson's acceptance of responsibility, the district judge reasonably applied the relevant § 3553(a) factors in deciding that 30 months in prison was necessary to deter future crimes and reflect the seriousness of the violations. See 18 U.S.C. § 3553(a)(1), (a)(2)(B); *United States v. Clay*,

No. 13–3510, 2014 WL 2214212, at *3 (7th Cir. May 29, 2014); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Finally counsel informs us that Johnson wishes to pursue a claim of ineffective assistance against him. But, as counsel observes, we would not expect him to serve as Johnson's appellate lawyer while challenging his own performance in the district court. See *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Any potential claim of ineffective assistance of counsel is best reserved for collateral review. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.