NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0528n.06

No. 16-5630

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KURT ROBERT SMITH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOSEPH P. MEKO, Warden, Little Sandy | ) | DISTRICT OF KENTUCKY |
| Correctional Complex, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:    KEITH, BATCHELDER, and GRIFFIN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Kurt Smith was serving a life sentence in state prison for a crime committed in Kentucky. While serving his sentence, he pled guilty to two additional felonies he committed by throwing a rock at a prison guard during a prison riot. He asserts that before he pled guilty, his counsel told him that the additional felonies would not affect his parole eligibility date. But Kentucky law is directly to the contrary. On this basis, he petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the claim as time-barred under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). For the following reasons, we affirm.

I

The underlying facts are largely undisputed. Kurt Smith was serving a life sentence for murder, was detained in a Kentucky prison, and was eligible for parole as early as March 2021.

On August 21, 2009, a riot broke out in the prison, during which an officer was hit by a rock. Evidence indicated that Smith threw the rock, and the Kentucky grand jury indicted him on two felony offenses for assault in the third degree and riot in the first degree. The State offered a plea deal in which Smith would receive two five-year sentences that would run concurrently with his life sentence, and Smith entered an *Alford* plea. At the plea colloquy, the state trial court advised Smith: "It's a concurrent sentence but it does add problems to you, like . . . it may affect parole eligibility, it may affect a number of things. Are you familiar with all the things it can affect you with?" Smith responded, "Yes, I am."

On September 26, 2011, Smith received a "Reclassification Custody Form" from the Kentucky Department of Corrections ("DOC") indicating that his parole eligibility date was March 21, 2023. He wrote to the DOC on October 10, 2011, requesting that the parole date be changed to 2021 and stating that he had received no new consecutive prison time. In this letter, he also referenced a "time sheet"[1] that he had received after his *Alford* plea, which indicated a 2021 parole date. On October 11, 2011, the DOC sent him a communication maintaining that the 2023 date was correct; this communication quoted a portion of the Kentucky regulation addressing the effect that a conviction for an offense committed while incarcerated has on an inmate's parole eligibility date. On October 18, 2011, he appealed to the DOC, stating that the riot felonies were "improperly construed as consecutive sentences, resulting in additional two-year period before parole eligibility." The DOC responded on November 14, 2011, with a letter addressing the same Kentucky provisions as the October 10 letter. The November 14 letter read, in its entirety:

---

[1] This time sheet does not appear to be in the record on appeal.

Dear Mr. Smith,

This correspondence is in reference to your recent appeal under the Administrative Review Process according to Corrections Policies and Procedures 17.4.

Pursuant to 501 KAR 1:030 Section 3 (4), "Parole review for crimes committed while in an institution or while on escape. If an inmate commits a crime while confined in an institution or while on an escape and receives a concurrent or consecutive sentence for this crime, eligibility time towards parole consideration on the latter sentence shall not begin to accrue until he becomes eligible for parole on his original sentence. This shall include a life sentence."

Also, pursuant to section 3 (4)(a), "Except as provided by paragraph (b) of this subsection, in determining parole eligibility for an inmate who receives a sentence for an escape, a sentence for a crime committed while in the institution, or on a sentence for a crime committed while on an escape, the total parole eligibility shall be calculated by adding the following, regardless of whether the sentences are ordered to run concurrently or consecutively:

> 1. The amount of time to be served for parole eligibility on the original sentence;
>
> 3. If the inmate has an additional sentence for a crime ·committed while in the institution, the amount of time to be served for parole eligibility on the additional sentence for the crime committed while in the institution."

Your parole eligibility date of March 2023 is accurate.

I'm sorry my response could not be more favorable.

Sincerely,
Ashley Sullivan, Administrator
Offender Information Services

The October 11 and November 14 letters contain substantially the same information. The November 14 letter directly quotes 501 Kentucky Administrative Regulations 1:030 § 3(4)(a)(3), as demonstrated above. The October 11 letter does not directly quote § 3(4)(a)(3), but, after quoting § 3(4)(a)(1), it includes the following text that explains exactly the same concept:

> In other words, if you have not yet met the parole board and you receive additional sentences for crimes committed with the institution, the parole date will

be adjusted with each time that you receive an additional charge while incarcerated. It doesn't matter if they are concurrent or not. See below.

```
      2002-03-01  Date Received
    + 020-00-00   (20 years for Life Sentence)
    - 000-11-00   [Jail Credit] (340 days)
==================
      021-03-21
    + 0001-00-00   [AB/001] (20% of 5 years)
==================
      2022-03-21
    + 0001-00-00   [AB/002] (20% of 5 years)
==================
      2023-03-21
```

On October 30, 2012, the Kentucky Circuit Court filed Smith's motion for relief from judgment, which he signed and dated on October 23, 2012. In this collateral attack, he alleged that his counsel for the riot-related indictments was ineffective. The state courts denied the claim. The Kentucky Court of Appeals explained:

> [In light of the relevant regulation,] Smith's parole eligibility for his most recent sentence does not begin to accrue until he becomes eligible for parole on his original sentence. Smith maintains that his counsel failed to advise him of the extended parole eligibility date, and had he been so advised, he would not have pled guilty and would have insisted on going to trial.
>
> The trial court found this claim to be meritless, noting that the Department of Corrections calculates parole eligibility according to 501 KAR 1:030 regardless of whether the sentences are ordered to run concurrently or consecutively, and Smith's counsel could not negotiate a plea contrary to the administrative regulation. The court found that Smith's counsel competently negotiated a deal for concurrent sentencing, thus placing Smith in the best possible position for parole consideration.
>
> Further, during the guilty plea colloquy, the trial court advised Smith that the sentence imposed would run concurrently and may affect parole eligibility. The court asked Smith if he was familiar with the possible effects, to which Smith responded yes. Smith requested no clarification. We fail to appreciate Smith's present claim that his counsel was deficient for failing to clarify something Smith himself stated he understood.

The Kentucky Supreme Court entered an order denying discretionary review on August 12, 2015, and Smith filed a 28 U.S.C. § 2254 petition on August 26, 2015. Upon the

recommendation of a magistrate judge, the district court dismissed the § 2254 action as untimely pursuant to 28 U.S.C. § 2244. Smith argued that the proper trigger for the limitations period should be November 14, 2011, the day he received the result of the administrative appeal. The district court found, however, that Smith knew or should have known about his counsel's ineffective assistance as of the October 18, 2011 letter from the DOC. The district court also held that his § 2254 claim lacked merit because the Supreme Court has never squarely addressed the facts presented in Smith's ineffective-assistance-of-counsel claim, and, in any event, that he could not demonstrate prejudice because no reasonable person would go to trial in Smith's circumstances. The district court declined to grant a COA, but we directed the clerk "to set a briefing schedule for the timeliness and merits of Smith's claim that his counsel was ineffective for failing to advise him about the effect of his *Alford* plea on parole eligibility."

## II

"We review de novo a district court's dismissal of a habeas petition as time-barred under 28 U.S.C. § 2244." *Board v. Bradshaw*, 805 F.3d 769, 771 (6th Cir. 2015). AEDPA has a one-year statute of limitations for petitioners seeking to challenge state court judgments in federal habeas court. 28 U.S.C. § 2244(d)(1). The statute contains several triggering mechanisms, including "the date on which the factual predicate of the claim or claims present could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). We look at "when a duly diligent person in petitioner's circumstances would have discovered" the factual predicate for his claim. *See DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006) (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). The operative question in such an inquiry is when the person was aware of the vital facts for his claim, not when he understood the legal significance of those facts. *See Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) ("[A]

petitioner's ignorance of a legal claim does not toll the § 2255 deadline.") (citing *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (amended Jan. 22, 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004); *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003)).

A

"The one-year period of limitations is tolled during the time that a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459 (6th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). The limitations period is not tolled, however, if the state proceeding is filed after the one-year limitations period expires, as it was here. *Id.* at 461–62.

Smith rests his habeas claim on an assertion that his counsel failed to advise him that pleading guilty to two additional felonies while incarcerated would affect his parole eligibility date. Assuming that his counsel in fact failed to so advise him, the relevant facts are: (1) counsel's pre-plea failure in or around July 2010, (2) the Kentucky trial court's warning at the plea hearing in August 2010, (3) Smith's notification in September 2011 that his parole eligibility date had actually changed, and (4) the confirmation from the DOC in October 2011 that the state regulation dictated the prolonged parole eligibility date. On October 18, 2011, Smith signed and dated his appeal of the DOC's October 2011 confirmation letter. Even if we assume that October 18, 2011 was the first time that he would have been aware of the factual basis for his ineffective-assistance claim, he would have needed to file his petition within one year, or by October 17, 2012.

He did not meet this deadline. Smith dated his state collateral attack on October 23, 2012, and the Kentucky Circuit Court filed it as of October 30, 2012. As a result, his petition was untimely and does not toll AEDPA's statute of limitations.

B

Smith contends that the district court erred by using the October 2011 date as the trigger for the statute of limitations, and that it should have used November 14, 2011, when the administrative appeal process concluded. If this were the proper date, his petition would be timely, because (1) 351 days elapsed between November 14, 2011, and October 30, 2012, when he filed his state petition and (2) 14 days elapsed between the conclusion of the state collateral proceedings on August 12, 2015, and August 26, 2015, the day Smith filed his § 2254 petition. But November 14, 2011, is not the proper date, however, because § 2244's statute of limitations is triggered by the date when "the factual predicate . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In September 2011, Smith received a communication that his eligibility date was two years later than he expected it to be, and in October 2011, he received a letter from the DOC explaining why the date differed from his expectation.[2] At that point, Smith knew or should have known that the advice he allegedly received from his counsel was incorrect.

Smith attempts to sidestep this conclusion with two arguments. He claims that his pursuit of an appeal through the DOC's administrative process, which concluded on November 14, 2011, either provides the relevant factual predicate to trigger the one-year statute of limitations

---

[2] We need not resolve whether one or the other of these dates is the actual triggering date, because both occurred more than one year before Smith filed his habeas petition, taking into account the time his state proceedings tolled § 2244's statute of limitations. We do not doubt that he acted diligently by pursuing his remedies before the DOC in either September 2011 or October 2011, because he was seeking to clarify the parole date with the DOC. But once he received the October 18, 2011 letter, he had knowledge that something was wrong with the advice he allegedly received from his counsel.

or tolls it. And he states that the "fact" of his attorney's ineffective assistance was not conclusively established until the administrative appeal confirmed his parole eligibility date was in 2023. If he were correct, his petition would be timely, but neither argument is persuasive.

First, Smith claims that Kentucky law required him to exhaust his administrative remedies before he could file the state post-conviction motion and asks us to toll the limitations period accordingly. *See* Ky. Rev. Stat. 454.415(1)(b) ("No action shall be brought by or on behalf of an inmate, *with respect to . . . [c]hallenges to a sentence calculation . . .* until administrative remedies as set forth in the policies and procedures of the Department of Corrections . . . are exhausted.") (emphasis added). But, as the State demonstrates, the exhaustion requirement pursuant to Kentucky Revised Statute § 454.414 applies to challenges of a sentence calculation, among other things. It does not apply to an ineffective assistance claim, which should be brought in a motion to vacate, set aside, or correct a sentence. *See* Ky. R. Crim. P. 11.42; *see also Woolbright v. Crews*, 791 F.3d 628, 634-35 (6th Cir. 2015) (describing the "strong Kentucky preference for [ineffective assistance] claims to be presented" in Rule 11.42 motions). Collateral attacks against a sentence may be brought "at any time . . . directly by motion in the court that imposed the sentence." Rule 11.42. Moreover, Smith cites no case in which a state court has required exhaustion before addressing an ineffective-assistance claim. Consequently, the time Smith took to pursue the administrative appeal does not affect the calculation of the statute of limitations.

Second, citing *Johnson v. United States*, 544 U.S. 295, 309–10 (2005), he argues that the resolution of the administrative appeal was "the first time it was reasonable to attribute knowledge of the changed [parole] date" to him. In *Johnson*, a § 2255 habeas petitioner argued that a state court's vacatur of a state conviction used to enhance his federal sentence was a "fact,"

the discovery of which triggered § 2255's limitations period.[3] *Id.* at 309. The Supreme Court held that the day on which the petitioner received notice that the state court vacated the prior conviction was the day on which the one-year period began to run, so long as the petitioner had pursued the vacatur with due diligence. *Id. Johnson* is not broad enough to cover Smith's claim. The state vacatur order there was a necessary prerequisite to Johnson's bringing a § 2255 petition challenging his enhanced sentence. By contrast, the November 2011 result of the administrative proceeding was not necessary for Smith to bring an ineffective-assistance claim in a state collateral proceeding and later a federal habeas action. Although Smith may have been diligent in his efforts to determine why his parole date had changed, the result of the administrative proceeding did nothing to establish the facts underlying his ineffective-assistance claim. As we explained above, the events of September and October 2011 established the necessary factual predicate for Smith's ineffective-assistance claim.

Smith also cites to a number of out-of-circuit cases. All deal with a direct challenge to an administrative proceeding that affected the prisoner's sentence and are therefore distinguishable. Here, the complaint is not that the DOC's parole eligibility calculation was wrong. Such a claim would need to be exhausted administratively under Kentucky law. The complaint is that Smith's counsel provided ineffective assistance in an earlier criminal proceeding—a claim that need not be administratively exhausted. Reviewing the holding from one of the cases he cites demonstrates the futility of his argument:

> Therefore, under . . . *Shelby* [*v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004)], when a habeas petitioner *challenges an administrative decision* affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.' § 2244(d)(1)(D). As a general

---

[3] Section 2255(f)(4) provides a similar triggering mechanism to § 2244—the date on which the facts underlying the petitioner's "claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §§ 2244(d)(1)(D), 2255(f)(4).

rule, the state agency's denial of an administrative appeal is the 'factual predicate'
*for such habeas claims*.

*Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) (emphases added) (footnote and some internal citations omitted). The Ninth Circuit's holding assumes that the petitioner is challenging an administrative decision, and that the administrative decision is the factual predicate for the habeas claim. In such a situation, *Johnson* may apply. But that is not the situation here. Smith challenges his conviction based on ineffective assistance, and the factual predicate for that claim is that his counsel erred. The discovery of his extended parole eligibility date, which changed as a matter of Kentucky law pursuant to the DOC regulations, was the only fact he needed to discover in order to have an ineffective-assistance claim. Choosing to seek clarification of the parole eligibility date through the DOC appeals process was by no means a superfluous or unwise act, but it does not further toll AEDPA's statute of limitations.

III

In light of our conclusion that the district court properly dismissed Smith's habeas petition as time-barred, we need not reach the merits of his ineffective-assistance claim. Consequently, and for the foregoing reasons, we AFFIRM the judgment of the district court.