**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DANIEL JOSEPH SHORES,

    Petitioner - Appellant,

v.

CHAD DENNIS,

    Respondent - Appellee.

No. 22-6133
(D.C. No. 5:22-CV-00059-HE)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Daniel Shores, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order dismissing his habeas petition

under 28 U.S.C. § 2254 as untimely. We deny a COA for the reasons explained below.

In May 2006, Shores pleaded guilty in Oklahoma state court to 45 counts of sexual

abuse of a child. The state court sentenced Shores to 35 years in prison on each count, to

run concurrently. Shores did not move to withdraw his plea or file a direct appeal. He

unsuccessfully sought state postconviction relief in 2020 and 2021.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Shores's pro se filings, we do not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In January 2022, Shores filed a federal habeas petition, arguing that the Oklahoma statute under which he was convicted is unconstitutional and that various state officials have rendered Oklahoma's postconviction procedures ineffective. The magistrate judge assigned to Shores's case recommended dismissing the petition as untimely. The district court overruled Shores's objections, adopted the magistrate judge's report and recommendation, and dismissed Shores's petition with prejudice. It also denied Shores's request to proceed in forma pauperis (IFP) on appeal, concluding that any appeal would be frivolous.

Shores now requests a COA from this court, seeking to challenge the dismissal of his habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). We will grant a COA if Shores can "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If we conclude that reasonable jurists would not debate the district court's procedural ruling, we need not address the constitutional question. *Slack*, 529 U.S. at 485.

Shores argues that reasonable jurists could debate whether his petition was timely. A federal statute, 28 U.S.C. § 2244(d)(1), creates a one-year deadline for filing a federal habeas petition. The same statute further provides that this one-year deadline starts running from the latest of four possible dates: the date of (1) final judgment (following direct appeal or the expiration of time to appeal); (2) removal of a state-created impediment to filing; (3) recognition of new and retroactive constitutional right; or

2

(4) diligent discovery of the factual predicate for the claim. *See* § 2244(d)(1)(A)–(D).

Here, the district court concluded that Shores's deadline began running under

§ 2244(d)(1)(A), in May 2006, when his convictions became final—it therefore expired

in May 2007. In so doing, the district court expressly rejected Shores's arguments that

§ 2244(d)(1)(B) or (D) applied to provide a later starting date for the one-year statute of

limitations based on either a state-created impediment or a diligently discovered factual

predicate.

Before this court, Shores again invokes § 2244(d)(1)(D), which provides that the

limitations period for filing a federal habeas petition can run from "the date on which the

factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." He specifically argues that "[t]he [c]onstitutionality of any

[s]tate penal statute is clearly an unconstitutional impediment that physically prevented

[him] from filing his [h]abeas [petition] 'timely.'"[2] Aplt. Br. 2 (emphasis omitted). In

support, Shores states that "[t]he [f]actual [p]redicate of this *complex* legal situation could

not be raised until the actual date of filing" because that was when "he learned of" a

state-court ruling he believes supports his habeas claim. *Id.* at 4, 18. But a constitutional

challenge to a statute is not a matter of newly or recently discovered facts; it is a legal

argument that has been available to Shores since the time of his conviction, regardless of

whether Shores himself understood such legal argument. *See Preston v. Gibson*, 234 F.3d

---

[2] Despite use of the word *impediment* in making this argument, which suggests an argument under § 2244(d)(1)(B), Shores expressly invokes only § 2244(d)(1)(D). We accordingly follow his lead and assess his argument under the latter provision.

1118, 1120 (10th Cir. 2000) (rejecting argument that intervening caselaw from state supreme court provided petitioner with new "factual predicate" that would satisfy § 2244(d)(1)(D)); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."). Shores's § 2244(d)(1)(D) argument therefore creates no debate about the untimeliness of his petition.

Next, Shores advances an argument he did not make at the district court, contending that "the lack of legal research material within the law library" and the tendency of Oklahoma state courts to issue unpublished decisions excuses the untimeliness of his petition. Aplt. Br. 5 (formatting standardized). He asserts that these state-created impediments should trigger a later starting date for his statute of limitations under § 2244(d)(1)(B). But because Shores did not raise this argument at the district court, we decline to consider it here. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (denying COA in part based on "general rule against considering issues for the first time on appeal").

Thus, Shores fails to show that reasonable jurists could debate the district court's procedural ruling that his petition was untimely, and we deny his COA request and dismiss this appeal. *See Slack*, 529 U.S. at 484. Further, because Shores fails to make "a reasoned, nonfrivolous argument on the law and facts," we deny his motion to proceed

IFP. *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

Entered for the Court


Nancy L. Moritz
Circuit Judge