FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

ERIC FERNANDEZ,

    Petitioner - Appellant,

v.

DAVID ROGERS, Interim Warden,

    Respondent - Appellee.

No. 25-5162
(D.C. No. 4:24-CV-00489-SEH-MTS)
(N.D. Okla.)

———————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.
———————————————

    Eric Fernandez, an Oklahoma prisoner, applies for a certificate of appealability
(COA) under 28 U.S.C. § 2253(c)(1)(A) to challenge the district court's dismissal of his
28 U.S.C. § 2254 habeas corpus application. The district court determined that the
application was time-barred by the one-year limitation period in 28 U.S.C.
§ 2244(d)(1)(A). It also determined that neither statutory nor equitable tolling applied
and that an evidentiary hearing was not warranted. A COA is a jurisdictional prerequisite
to our appellate review. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). We deny a
COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

On September 13, 2021, Mr. Fernandez entered a nolo contendere plea to six counts in connection with a domestic violence incident. R. 107–08. He was sentenced to 35 years' imprisonment on the most serious count on November 23, 2021. Id. at 125. Mr. Fernandez explains that immediately after the sentencing he requested that his lawyers initiate an appeal and was assured that they would do so. Aplt. Br. at 4. Counsel filed a notice of intent to appeal in district court on December 1, 2021. R. 140.

If a defendant's conviction is by way of a guilty plea, an Oklahoma defendant may pursue a direct appeal by certiorari. Okla. Stat. Ann. tit. 22, § 1051(A). However, a defendant must first file a written application to withdraw his plea within ten days of sentencing as required by Rule 4.2(A) of the appellate rules. Okla. Ct. Crim. App. R. 4.2(A), Tit. 22, Ch. 18, App'x. Although his plea documents advised of this requirement, no such motion was filed. Accordingly, Mr. Fernandez's conviction became final on December 3, 2021.

Mr. Fernandez contends that counsel lulled him into thinking that a direct appeal had been properly filed. Aplt. Br. at 4–5. He relies upon a December 2, 2021 letter where counsel had stated "We have begun the appeal process to appeal Eric's sentence[,]" R. 254, and a telephone call made to counsel on January 20, 2022, Aplt. Br. at 5. He alleges that counsel assured him it had been filed. Id. Mr. Fernandez alleges that he learned of this problem after counsel sent him a letter dated December 12, 2022 indicating that the Oklahoma Court of Criminal Appeals (OCCA) had declined

jurisdiction of his appeal from a subsequent judicial review hearing.[1]  R. 30, 160–61, 264–65; Aplt. Br. at 6.

Mr. Fernandez filed an unsuccessful state post-conviction application for an appeal out of time on December 19, 2023.  R. 162–265.  The district court's denial on April 2, 2024, id. at 283–87, was affirmed by the OCCA on July 2, 2024 because Mr. Fernandez had not filed his post-conviction application before November 1, 2023, id. at 371–72.

Mr. Fernandez filed his federal habeas application on August 19, 2024.  He claims (1) ineffective assistance of counsel due to counsel's failure to file a motion to withdraw his plea to appeal his convictions, and (2) a denial of the right to a direct appeal of his convictions with effective assistance of counsel in violation of due process.[2]  R. 10–12. Mr. Fernandez claimed that he did not learn of the factual predicate of his first claim until after December 12, 2022 when the OCCA declined jurisdiction of his appeal of his sentencing review hearing.[3]  He maintains that he did not learn of the factual predicate of his second claim until the state district court denied his post-conviction application for relief on April 2, 2024.

---

[1] Mr. Fernandez's 35-year sentence was modified to 20 years' imprisonment with 15 years of supervised release.  The sentence modification proceeding is not part of the direct review process and any amended judgment does not affect the finality of the original judgment.  Williams v. Beck, 115 F. App'x 32, 33 (10th Cir. 2004).

[2] Mr. Fernandez contends that he missed Oklahoma's November 1, 2023 deadline to file for state post-conviction relief for petitioners whose convictions became final on or before November 1, 2022.  He maintains that the lack of notice of this constitutes a denial of due process.

[3] In his opening brief and application for a COA, Mr. Fernandez indicates that upon receiving his case file from counsel after May 12, 2023, he learned that counsel had not filed an application to withdraw his plea and had not filed a certified copy of the notice of intent to appeal with the OCCA.  Aplt. Br. at 6–7, 18–19.

Discussion

To obtain a COA, Mr. Fernandez must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). On appeal, Mr. Fernandez argues that the district court's conclusion that he was not entitled to statutory or equitable tolling or an evidentiary hearing is incorrect.[4] He maintains that under Roe v. Flores, 528 U.S. 470, 484 (2000), he is entitled to a direct appeal due to the ineffective assistance of his counsel given that his counsel filed the wrong document in the trial court and failed to file an application to withdraw his guilty plea after his request to appeal. See Clayton v. Jones, 700 F.3d 435, 441–42 (10th Cir. 2012); Baker v. Kaiser, 929 F.2d 1495, 1498–1500 (10th Cir. 1991).

Our review of a district court's decision dismissing a habeas application as time-barred under 28 U.S.C. § 2244(d) is de novo. Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007). The district court's decision on equitable tolling is reviewed for an abuse of discretion, id., as is its decision on whether to hold an evidentiary hearing when presented with issues involving time-bar and tolling, Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001).

The district court determined that Mr. Fernandez's one-year limitation period began to run on December 4, 2021 and expired on December 5, 2022. R. 483–84; 28

---

[4] Mr. Fernandez has filed an opening brief with nine issues; we have considered it, but do not discuss each issue separately.

U.S.C. § 2244(d)(1)(A).  It concluded that he was not entitled to delay the start of the

limitation period under 28 U.S.C. § 2244(d)(1)(D) which allows the limitation period to

run from "the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence."

The district court concluded that the true factual predicate of Mr. Fernandez's

claims was the failure to initiate a direct appeal of his conviction.  Id. at 485 ("The

predicate fact underlying both Fernandez's grounds is that he failed to

initiate a direct appeal of his conviction.").  According to the district court, the fact that

his attorney did not file the essential application to withdraw his plea could have been

discovered through the exercise of due diligence in December of 2021.  Id. at 485–86.

The district court reached this conclusion because Mr. Fernandez signed a plea

document "Plea of Guilty / No Contest Summary of Facts" of some 16 pages (several of

which have not been completed) with an advice of rights.[5]  Mr. Fernandez pointed out

---

[5]                                    NOTICE OF RIGHT TO APPEAL

Sentenced to Incarceration, Suspended, or Deferred:

To appeal from this conviction, or order deferring sentence, on your plea of guilty/no
contest, you must file in the District Court Clerk's Office a written Application to
Withdraw your Plea of Guilty/No Contest within ten (10) days from today's date.
You must set forth in detail why you are requesting to withdraw your plea.  The trial court
must hold a hearing and rule upon your application within thirty (30) days from the date
it is filed.  If the trial court denies your application, you have the right to ask the Court of
Criminal Appeals to review the District Court's denial by filing a Petition for Writ of
Certiorari within ninety (90) days from the date of the denial.  Within ten (10) days from
the date the Application to Withdraw Plea of Guilty/No Contest is denied, Notice of
Intent to Appeal and Designation of Record must be filed pursuant to Oklahoma Court of
Criminal Appeals Rule 4.2(D).  If you are indigent, you have the right to be represented

that he had not circled that he understood these rights and there is no signature of his attorney confirming that he advised Mr. Fernandez of his appellate rights. The trial judge advised Mr. Fernandez that he could appeal. R. 253. At sentencing, Mr. Fernandez indicated that he had **not** visited with his attorneys concerning appeal rights, and the trial judge requested that counsel do so. Id. Counsel responded "We have advised him of that, Judge, and we would ask – we would still ask that he remain here for ten days." Id. In any event, having been told that a direct appeal had been initiated, Mr. Fernandez does not explain why he did not look into it when subsequent inquiries of counsel were unavailing.

The district court determined that the factual predicate of Mr. Fernandez's claims should have been discovered in December 2021, presumably immediately after December 3, 2021 when the conviction became final. In Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000), the petitioner argued that § 2244(d)(1)(D) applied where he did not realize that appointed counsel left him to his own devices and later learned that no petition for collateral review had been filed. Thereafter, the petitioner looked into it and realized that he could seek collateral relief on the basis of ineffective assistance of counsel. The court rejected the idea that he could rely upon § 2244(d)(1)(D) and have the time run from when he learned of his possible claim: "Time begins when the prisoner

---

on appeal by a court-appointed attorney and the right to a record and transcript at public expense.

Do you understand each of these rights to appeal?          YES          NO

R. 249.

knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit[.]" Owens, 235 F.3d at 359. Thus, it is the actual or imputed discovery of the claim's factual predicate rather than "recognition of the facts' legal significance" that counts. Id.

Although Mr. Fernandez faults counsel for not ensuring that he read and understood the advice of his right to appeal as well as the basis for appeal and the proper procedure, the correct inquiry is whether due diligence "could have" revealed the factual predicate if pursued. This is an objective inquiry and is not answered by what Mr. Fernandez did. See Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) (per curiam) ("Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner."). As in Owens, the lack of a motion to withdraw a guilty plea (let alone the absence of pleadings perfecting the appeal) "was a matter of public record, which reasonable diligence could have unearthed." 235 F.3d at 360. This case does not involve hidden facts that only were or could have been discovered years later.

Be that as it may, we agree with the district court that by Mr. Fernandez's own admissions, he was surely aware of the factual predicate of both his claims by December 2022 at the latest. R. 495. Counsel's letter states: "I will be happy to talk with you about this but I don't really see, at least at this point in time, any further efforts we can pursue to obtain additional relief for you." R. 265. At this point, Mr. Fernandez knew or should have known that a direct appeal had not been

7

perfected.  Although Mr. Fernandez argues that (1) the letter did not spell out that counsel had forfeited his direct appeal, (2) no state court had notified him that the appeal had not been properly filed, and (3) the letter dealt primarily with the sentencing review proceedings, more was unnecessary to put him on notice.  Finally, we note that he could have filed a protective federal habeas petition while pursuing state post-conviction remedies.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).[6]

Instead, Mr. Fernandez would not file his federal petition until August 19, 2024 and did not file for state post-conviction relief until December 19, 2023, over a year after counsel's letter.  Statutory tolling under 28 U.S.C. § 2244(d)(2) only

---

[6] Mr. Fernandez relies upon Wims v. United States, 225 F.3d 186 (2d Cir. 2000), where the petitioner moved to vacate a narcotics conviction 17 months after it became final, claiming ineffective assistance of counsel.  The petitioner claimed that his petition was timely under 28 U.S.C. § 2255(4) because, unbeknownst to him, his attorney had failed to file a direct appeal.  Wims, 225 F.3d at 188.  The narrow issue was whether the similar due diligence language of § 2255(4) required him to have checked on counsel's pursuit of an appeal on the very day that his conviction became final, or whether it was reasonable for him to have waited five months to do so.  The Second Circuit held that a five-month delay was not so unreasonable as to render the petition per se untimely.  Wims, 225 F.3d at 190–91.  In doing so, it recognized that a determination of when the limitations clock under subsection (4) begins to run is fact-specific and should be based on the particular circumstances of each case including post-sentence conversations with his lawyer and the petitioner's conditions of confinement.  Wims relied on Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000), where the issue was whether the factual predicate that the state's expert was suffering from bi-polar disorder (gained from a published opinion) was available when the published opinion was issued, or when the petitioner had access to it through the prison law library.

We think that Wims is distinguishable particularly given that the focus must be on the delay in filing the federal petition which occurred on August 19, 2024, some 20 months after receiving counsel's letter and after Mr. Fernandez terminated his relationship with counsel.

applies to properly filed state applications within the statutory year so the state filing would not toll. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

Turning to equitable tolling, Mr. Fernandez must demonstrate that he diligently pursued his claims and untimely filing "was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Diligence means "reasonable diligence" not "maximum feasible diligence." Holland v. Florida, 560 U.S. 631, 653 (2010) (citation modified). Professional misconduct can amount to egregious behavior that constitutes extraordinary circumstances but "garden variety" attorney error does not. Id. at 651–52.

The district court concluded that Mr. Fernandez could not demonstrate extraordinary circumstances given what appeared to be ordinary negligence. Mr. Fernandez sought to appeal not only his sentence but also his amended sentence and both times his counsel endeavored to appeal, albeit unsuccessfully, although counsel apparently had misgivings about whether the sentence modification could be appealed. Although Mr. Fernandez maintains that counsel did not inform him of the necessity of withdrawing his guilty plea (and apparently actively discouraged a direct appeal) and indicated that a direct appeal had been initiated, the district court did not recognize the circumstances as extraordinary. Insofar as diligent pursuit, the district court determined that Mr. Fernandez took no active steps to check on his appeal between November 2021 and December 2022, save inquiring of counsel. Even after the December 2022 letter, more than a year

9

passed before filing state post-conviction proceedings and more than a year-and-a-half before initiating federal proceedings.

Relying on Baldayaque v. United States, 338 F.3d 145, 152–53 (2d Cir. 2003), Mr. Fernandez argues that counsels' actions must be considered collectively and are indeed extraordinary based upon the misrepresentation that a direct appeal had been initiated, maintaining that it had been done, and not informing him that state and federal remedies were compromised as a result of their inaction. Aplt. Br. at 29. Yet, even assuming that such could constitute an extraordinary circumstance, Mr. Fernandez has not shown diligent pursuit of his claims.

Although Mr. Fernandez has proposed various dates that might shed light on when the exercise of due diligence would reveal that a direct appeal was not perfected, we do not think that the district court's decision is reasonably debatable given an abuse of discretion standard of review applied to the operative facts. See Anjulo-Lopez v. United States, 541 F.3d 814, 817–19 (8th Cir. 2008).

We DENY a COA and DISMISS the appeal.

Entered for the Court

Per Curiam